UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAFECO INSURANCE COMPANY OF
AMERICA,

                Plaintiff,    CIVIL CASE NO. 07-14135

v.

                                               HONORABLE STEPHEN J. MURPHY, III

CPI PLASTICS GROUP, LTD., et al.,

                Defendants.
_____/

## ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION

### INTRODUCTION

Before the Court are the defendants' "Motion for Summary Judgment and/or to Dismiss" and the Report and Recommendation of the Honorable Donald A. Scheer, United States Magistrate Judge. The magistrate judge served the Report and Recommendation on the parties on July 28, 2008, and notified the parties that any objections must be filed within ten days of service. The defendants filed timely objections. For the reasons stated below, the Court overrules the defendants' objections and adopts the magistrate judge's Report and Recommendation.

### STANDARD OF REVIEW

The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections. If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not

act solely on the basis of a magistrate judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

For those portions of the Report and Recommendation to which the parties have not filed objections, the Court does not need to conduct a review and can simply accept and adopt the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). In this case, the defendants have filed objections to only portions of the magistrate judge's Report and Recommendation, which will be addressed here.

## ANALYSIS

### I. Background

The Report and Recommendation sets out the essential facts of the case:

Plaintiff, Safeco Insurance Company of America ("Safeco") filed this action as subrogee of Gregory and Rachel Shepard under a contract of insurance covering property damage to their residence. The Shepards constructed an exterior deck on their home in 2005. They used EON planks manufactured by Defendants (collectively designated "CPI"). The EON product was purchased by Shepards from a local hardware outlet. Construction of the deck was completed on or before June 10, 2005. The Shepards placed an outdoor "chimnea" fireplace on the deck. On February 28, 2006, while the fireplace was in use, the EON deck material caught fire. The fire spread, despite Mr. Shepard's effort to extinguish it with a garden hose. The local fire department responded to the homeowners' 911 call, but the residence was substantially destroyed. No personal injury, however, resulted from the fire.

The Shepards submitted a loss claim under their insurance policy with Safeco. Plaintiff paid the loss claim in the sum of $460,149.12. Safeco, as subrogee of its insureds, seeks to recover from Defendants on the theory that the EON planks were made of highly flammable plastic polymers which liquified, ignited and fueled a runaway combustion.

2

R&R, pp.4-5 (July 28, 2008) [docket entry #15] (footnote omitted). On October 1, 2007, the plaintiff Safeco filed its complaint against the defendants CPI, alleging three counts. Count I is a claim based on a theory of negligence/implied warranty in tort; Count II is a contract claim pursuant to the Uniform Commercial Code ("UCC") for breach of express and implied warranty; and Count III is a claim of violation of the Michigan Consumer Protection Act, M.C.L. § 445.900 *et seq.* ("MCPA").

## II. Count I: Tort Claim

In his Report and Recommendation, the magistrate judge ruled that the economic loss doctrine does not apply and that the plaintiff can pursue a claim in tort against the defendants. The defendants filed objections to this ruling.

After considering the defendants' objections and the Report and Recommendation and after conducting a de novo review of the record, the Court finds that the defendants' objections have no merit and that the reasoning and conclusions of the magistrate judge are sound and correct.

The magistrate judge correctly noted that the "economic loss doctrine" was adopted in the Michigan Supreme Court case of *Neibarger v. Universal Coops.*, 439 Mich. 512 (1991):

> The economic loss doctrine, simply stated, provides that "'[w]here a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only "economic" losses.'" This doctrine hinges on a distinction drawn between transactions involving the sale of goods for commercial purposes where economic expectations are protected by commercial and contract law, and those involving the sale of defective products to individual consumers who are injured in a manner which has traditionally been remedied by resort to the law of torts.

3

*Neibarger v. Universal Coops.*, 439 Mich. 512, 520-521 (Mich. 1992) (footnotes omitted). The magistrate judge also correctly observed that courts of appeals in Michigan have expanded the scope of the economic loss doctrine to transactions made by consumers, as seen in *Sherman v. Sea Ray Boats*, 649 N.W.2d 783 (Mich. Ct. App. 2002), a case heavily relied upon by the defendants. The magistrate judge, however, was correct to distinguish the *Sherman* case from the current case. In the *Sherman* case, the court observed that the nature of damages was only the loss of economic expectation in the product. *Id.* at 790. Here, in the current case, the loss was not just the economic expectation in the product, but also the adjoining house which was substantially damaged. Moreover, in *Sherman*, there were no tort concerns with product safety, whereas in this case, tort concerns in product safety clearly abound. In short, the plaintiff has been injured in a manner that is traditionally considered in tort and not in contract. It is thus proper for the plaintiff be permitted to pursue a claim in tort. Accordingly, the plaintiff's claim is not barred by the economic loss doctrine.

III. Count II: UCC Claim

In his Report and Recommendation, the magistrate judge found that Count II was time-barred under the applicable statute of limitations for the UCC. Accordingly, the magistrate judge recommended that Count II be dismissed. The parties did not object to this portion of the Report and Recommendation. The Court thus adopts this portion of the Report and Recommendation and dismisses Count II, the plaintiff's contract claim under the UCC.

IV. Count III: MCPA Claim

In his Report and Recommendation, the magistrate judge found that the plaintiff had standing to assert a claim under the MCPA. The defendants object to this finding by arguing that since the plaintiff is the subrogee of the Shepards, the plaintiff has not suffered a loss, as required under the MCPA. This objection is without merit. A subrogee "stands in the shoes of the subrogor" and acquires the rights possessed by the subrogor. *Yerkovich v. AAA*, 610 N.W.2d 542, 544 (Mich. 2000). There is no question that the Shepards would have standing to assert a claim under the MCPA. Consequently, the plaintiff has standing and can pursue a MCPA claim.

In its response to the defendants' motion to dismiss and at the May 28, 2008 hearing, the plaintiff indicated that it no longer wishes to pursue punitive damages. Accordingly, the plaintiff is permitted to pursue a claim for a violation of the MCPA without seeking punitive damages.

CONCLUSION

After having reviewed the magistrate judge's Report and Recommendation, the defendants' objections, and the applicable portions of the record, **IT IS HEREBY ORDERED** that the defendants' objections [docket entry #16] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #15] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment and/or to dismiss [docket entry #10] is **GRANTED IN PART and DENIED IN PART**. In

5

particular, Count II is **DISMISSED**, and the plaintiff is permitted to go forward on Count I and on Count III without seeking punitive damages.

**SO ORDERED.**

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: December 3, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 3, 2008, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager